NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 22-1119

UNITED STATES OF AMERICA

v.

ERIK JOHNSON, aka Tank,

Appellant

Appeal from the United States District Court
for the District of New Jersey
(District Court No. 2-01-cr-00538-002)
District Judge: Honorable John M. Vazquez

Submitted Under Third Circuit LAR 34.1(a)
on September 19, 2022

Before: AMBRO, RESTREPO, and FUENTES, <u>Circuit Judges</u>

(Opinion Filed September 23, 2022)

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

AMBRO, Circuit Judge

Erik Johnson, currently serving a 480-month term of imprisonment for various federal drug convictions, moved to reduce his sentence under § 404 of the First Step Act.[1] The District Court held he was eligible for this discretionary relief but ultimately denied his motion. Johnson now appeals that decision, arguing the Court insufficiently explained its decision and erred by failing to address two of his arguments: that a sentence reduction would not cause an unwarranted sentencing disparity and COVID-19 increased the harshness of his sentence.

A district court considering whether to reduce a sentence under § 404 of the First Step Act "is not required to modify a sentence for any reason."[2] *Concepcion v. United States*, 142 S. Ct. 2389, 2402 (2022). Courts, though, must "explain their decisions and demonstrate that they considered the parties' [nonfrivolous] arguments" even if they are not persuaded. *Id.* at 2404; *see also id.* 2396. This explanation can be just a "brief statement of reasons," *id.* at 2404, as the Court is not obligated to "expressly rebut each argument," *id.* (quoting *United States v. Maxwell*, 991 F.3d 685, 694 (6th Cir. 2021)). Indeed, it is free to "dismiss arguments that it does not find compelling without a detailed explanation." *Id.* Meanwhile, our review of the sufficiency of the Court's explanation should be deferential. *Id.*

---

[1] We have twice before recited the facts underlying Johnson's offenses. *See United States v. Johnson*, 89 F. App'x 781, 783–86 (3d Cir. 2004); *United States v. Johnson*, 745 F. App'x 464, 464–65 (3d Cir. 2018).

[2] The District Court had jurisdiction under 18 U.S.C. §§ 3231 and 3582(c)(1)(B), and we have jurisdiction under 28 U.S.C. § 1291.

We are convinced the District Court provided a sufficient statement of reasons here. Its well-reasoned, seven-page order recited the background of the underlying offense and summarized relevant post-sentencing evidence. In the analysis section, it explained that the nature and circumstances of Johnson's offense (particularly the "atrocious violence that [he] engaged in during the [drug] conspiracy") strongly counseled against granting his motion. Appx. at 13. It also noted that the "need to avoid unwarranted sentencing disparities" weighed against Johnson's request. *Id.* at 13–14. The Court acknowledged Johnson's efforts at rehabilitation, but also thought some evidence suggested he lacked remorse for his earlier conduct. *Id.* at 14–15.

To be sure, the Court did not "expressly rebut each argument" and seemingly dismissed a few of Johnson's "arguments that it [did] not find compelling"—such as the COVID-19 argument or the specific nuances of his unwarranted sentencing disparity argument—"without a detailed explanation." *Concepcion*, 142 S. Ct. at 2404 (internal quotation marks omitted). But it explicitly noted it "reviewed the parties' submissions" and "considered the motion" even if it did not give a line-by-line response to each reason Johnson offered for a sentence reduction. Appx. at 9; *see also Maxwell*, 991 F.3d at 693 (noting the District Court provided a sufficient explanation for denying a First Step Act sentence reduction and "did not need to explicitly address [the defendant's] arguments that he would not be a danger to the community if released given his age and his health struggles"). This is enough.

Nothing in § 404 of the First Step Act "compel[s] courts to exercise their discretion to reduce any sentence." *Concepcion*, 142 S. Ct. at 2396. The Court declined to exercise

3

that discretion here and provided an adequate reasoned explanation for doing so. Thus we will affirm its judgment.